**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DRUSILLA K. HOUSEHOLDER,

        Plaintiff,                            CIVIL ACTION

v.                                                 No. 08-2463-KHV-GLR

THE CEDARS, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion for More Definite Statement or, in the Alternative, to Dismiss the Defamation Claim (doc. 6). Defendant moves the Court for an order for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). It argues that the paragraphs in Plaintiff's Complaint purportedly asserting a claim for defamation, contained in paragraphs 40 through 43, fail to mention what statements were made, what was defamatory about the statements, who made the alleged defamatory statements, to whom were these statements published, and where and when were these statements published. It argues that the paragraphs are so vague or ambiguous that it cannot reasonably prepare a response. Plaintiff has filed no response to oppose the motion.

A more definite statement of a pleading is appropriate when the pleading to which the party is required to respond is "so vague or ambiguous that the party cannot reasonably prepare a response."[1] A motion for more definite statement should not be granted merely because the pleading

---

[1]Fed. R. Civ. P. 12(e). Specifically, Rule 12(e) provides:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot
                                                                                 (continued...)

lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.[2]  Additional details with respect to the claims should be elicited through the discovery process.[3]  The decision whether to grant or deny such a motion lies within the sound discretion of the court.[4]  Due to the minimal pleading requirements of the Federal Rules, Rule 12(e) motions are generally disfavored by the courts and are properly granted only when a party is unable to determine the issues to which a response is required.[5]  Despite the disfavor of these motions, one court has held that to survive a Rule 12(e) motion on a defamation claim the plaintiff must include the substance of the statement made and the identity of the persons to whom the statement was allegedly made.[6]

Upon review of Plaintiff's Complaint, the Court finds the allegations insufficient to reasonably enable Defendant to frame a responsive pleading.  The Complaint lacks any facts to

---

[1](...continued)
reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

[2]*Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002).

[3]*PAS Commc'ns, Inc., v. U.S. Sprint, Inc.*, 112 F. Supp. 2d. 1106, 1109 (D. Kan. 2000).

[4]*Graham v. Prudential Home Mortgage Co., Inc.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

[5]*Classic Commc'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 956 F. Supp. 910, 923 (D. Kan. 1997).

[6]See *McKenzie v. MCI Worldcom, Inc.*, No. Civ. A. 99-2517-CM, 2000 WL 1303041, at *2 (D. Kan. Aug. 29, 2000) (granting motion for more definite statement and ordering pro se plaintiff to file an amended complaint pleading additional information regarding the alleged defamatory statements, including the substance of the statement and the identity of the persons to whom the statements were allegedly made).

support the defamation claim.  The allegations of paragraphs 40 through 43 are nothing more than a brief of legal argument, inappropriate for a pleading, i.e. the complaint.  Plaintiff fails to identify any particular statement Defendant made about her.  She fails to allege that any defamatory statement was heard by a third party and, if so, by whom.  There is no allegation of time and place, "which is material when testing the sufficiency of a pleading."[7]  Without these critical allegations, Defendant cannot reasonably be expected to prepare an appropriate response, admitting or denying the allegations or asserting any affirmative defenses in an answer.  For these reasons the Court sustains the motion.

IT IS THEREFORE ORDERED THAT Defendant's Motion for More Definite Statement or, in the Alternative, to Dismiss the Defamation Claim (doc. 6) is sustained.  **Within ten (10) days of the date of this Order**, Plaintiff shall file an Amended Complaint that alleges sufficient facts to constitute a claim for defamation, as herein set forth, or otherwise be subject to dismissal for failure to state a claim.

Dated in Kansas City, Kansas on this 19th day of November, 2008.

    s/ Gerald L. Rushfelt
    Gerald L. Rushfelt
    United States Magistrate Judge

---

[7] Fed. R. Civ. P. 9(f).